Turney, J.,
delivered the opinion of the court:
On the 26th October, 1865, complainants recovered a judgment in the circuit court- of Carroll county against ,Hall & Hall for about $1,400. On the 11th of May, 1866, an execution issued; what became of it is not disclosed.
On the 7th November, 1867, an alias issued, and was levied upon five several tracts of land in Benton county, as the property of one of the defendans, Hall, which were sold on the 7th December, in gross, at the bid of $10.00.
On November 6th, 1866, Hall made a deed to parts of the lands to one Menzie, which deed was registered 5th December of same year. On the 5th December he gave title bond for the remainder to one Bruce.
On the 20th December, 1871, this bill was filed asking a deed to, and vestiture of title for the lands in complainants, or, if this cannot be done, that a lien be declared by virtue of the levy of 7th November, 1867. It has been repeatedly held by this court that a sale in gross of several tracts of land under execution is void as against the debtor. This question has been several times considered and determined by the present bench.
Several questions have been presented, but in the view we take of the case it is necessary to adjudicate but one, viz.: Did a lien exist in favor of complainants at the time of filing the bill? Wo think not. Almost four years had elapsed between the time of sale and this proceeding to enforce the lien. No excuse is given why, upon the return of the fieri facias showing a void sale, no step was taken to preserve and perpetuate the lien created by the, levy. The sale being void, the return of the sheriff was worthless, except for the levy. If the lien may be preserved without *570 action and without excuse for nonaction for a period of three years and ten months, as is attempted in this case, we are unable to see why it may not for an indefinite number of years.
The record shows the original purpose of the bill was to invest title in complainants through the sale. At the trial it was so amended as to ask the alternative relief of enforcement of a lien by virtue of the levy.
It is the policy of the law that parties shall use due and reasonable diligence in tire prosecution of their rights. In the absence of statutory enactment or well established precedent fixing a definite limit, we must ascertain from the surroundings of the parties, whether such diligence has been observed. While no inflexible rule can be announced, we hold that ordinarily, in a case circumstanced like this one, the party should take steps at the return term of the fieri facias to keep alive his lien, by an order declaring the sale void, and awarding a venditioni exponas, and if he must resort to a court of chancery, sufficient grounds must be shown by the bill for the failure to avail himself of the remedy at law.
It is the policy of the law to' quiet titles and diminish litigation, neither of which can be done if parties are permitted to slumber on their rights of action and property unreasonably long and without legitimate excuse:
This precise question has not, that we are aware of, been before the court before. Several cases have been cited, supposed to have bearing on the question, but the question here is neither presented nor discussed in any of them. True, some of the reasons would at first seem applicable, but the facts in them do- not warrant a decision in these cases of this question, nor entitle them, as we conceive, to be regarded as presumptive in the case at bar.
Under the facts, tho complainants must be presumed to have abandoned their lien.
The assumed redemptions, to be such, must be predi *571 cated of a sale; as there was no sale, there could be no redemption.
The acts of the parties intending to redeem are nullities. The silent presence of the parties at a void sale does not affect them.
The satisfaction of the judgment is set aside, the decree of the chancellor is in other respects reversed, and the bill dismissed at costs of complainants.